CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for Roanoke
SEP 22 2006
JOHN F. CORCORAN, CLERK
BY: /s/ M. Hupp
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DOUGLAS LEE LINCOLN,<br>Plaintiff, | Civil Action No. 7:06CV00551 |
| v. | **MEMORANDUM OPINION** |
| JOHN B. COLEMAN, et al.,<br>Defendants. | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Douglas Lee Lincoln, a Virginia inmate proceeding pro se, filed this habeas petition after the September 6, 2006, dismissal of his 42 U.S.C. § 1983 complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. On November 18, 2005, Lincoln was indicted by a grand jury on the class 3 felony charge of malicious wounding. A trial in the Circuit Court for the City of Bristol was scheduled to commence on September 15, 2006. Meanwhile, petitioner is confined in the Bristol City Jail.[1] He signed and dated this habeas petition on September 10, 2006, and it was filed in this court on September 12, 2006.

In his petition, Lincoln alleges the following: he was not timely presented with a copy of the grand jury indictment; he has not been permitted to review the evidence in the case against him; ineffective assistance of his court-appointed counsel; and violations of his right to due process. The crux of his arguments is that the defendants in this case – petitioner's court-appointed counsel, a former court-appointed counsel, and the Commonwealth's Attorney – "conspired . . . to obstruct justice and hide evidence from the accused . . . . [f]or the purposes of obtaining a[n] 'easy guilty plea' from the accused and to either close the case or avoid searching for [a] known linked suspect directly involved in the case." He asks that each court-appointed counsel pay $1,000,000 in damages and that the Commonwealth's Attorney pay $2,000,000. Additionally, he requests that each "defendant be punished

---

[1] Petitioner concedes "that he does not have sufficient evidence at the present time to prove illegal incarceration . . . ."

by law . . . for the maximum amount (if any) of years in the Federal Penitentary [sic]."

For the reasons explained below, the court will file the complaint in forma pauperis as a habeas action under 28 U.S.C. § 2254 and dismiss it summarily without prejudice, pursuant to Rule 4 of the Rules Governing § 2254 Cases. A petition may be dismissed under Rule 4 if it is clear from the petition that the petitioner is not entitled to relief.

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which the petitioner was convicted. Presier v. Rodriguez, 411 U.S. 475, 477 (1973). If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the petition. Slayton v. Smith, 404 U.S. 53, 54 (1971).

The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). In Virginia, a non-death row inmate can exhaust his state remedies in one of three ways, depending on the nature of the claims he is raising. First, the inmate can file a direct appeal to the Court of Appeals of Virginia, with a subsequent appeal to the Supreme Court of Virginia if the Court of Appeals rules against him. Second, the inmate can attack his conviction collaterally by filing a state habeas petition with the circuit court where he was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia. Va. Code § 8.01-654. Finally, he can exhaust his remedies by filing a state habeas petition directly with the Supreme Court of Virginia. Id. Whichever route the inmate chooses to follow, it is clear that he ultimately must present his claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them. See O'Sullivan v. Boerckel, 526 U.S. 828, 845 (1999).

The petition in the instant case indicates that, at the time he filed his petition, Lincoln had yet

2

to go to trial on the malicious wounding charge in the Circuit Court for the City of Bristol. Indeed, petitioner requests, inter alia, "that this court extend the deadline for appeal of the 42 USC 1983, untill [sic] trial proceedings are completed for the current indictment in the City of Bristol." Plainly, plaintiff's claims have not been presented to the Supreme Court of Virginia. The burden of proving that a claim has been exhausted lies with the petitioner. Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994). Lincoln's failure to exhaust state remedies mandates summary dismissal of the petition, pursuant to Rule 4 of the Rules Governing § 2254 Cases.[2, 3]

Lincoln also seeks to recover monetary damages. However, any claim for damages caused by an "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" will not accrue until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Lincoln offers no indication that his confinement awaiting trial has been rendered invalid by a state or federal court decision. Accordingly, any claim for monetary damages has not yet accrued and must therefore be dismissed without prejudice. Id.

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to the plaintiff and to counsel of record for the defendants, if known.

---

[2] Lincoln may still pursue a federal habeas petition if he is unsuccessful in obtaining relief after presenting his claims to the Supreme Court of Virginia. The time to file a state or federal habeas petition is limited by statute. See 28 U.S.C. § 2244(d); Virginia Code § 8.01-654(A)(2).

[3] I note that a proper petition for a writ of habeas corpus acts upon the person who holds petitioner in what is alleged to be unlawful custody. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95 (1973). Accordingly, petitioner's court-appointed counsel and the Commonwealth's Attorney are not proper parties.

3

ENTER: This 22nd day of September, 2006.

／s／ Jackson L. Kiser
Senior United States District Judge